UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LONE STAR INDUSTRIES, INC., )<br>d/b/a BUZZI UNICEM USA, )<br> )<br>Plaintiff, )<br> )   1:14-cv-00133-RLY-DML<br>vs. )<br> )<br>FORT WALTON CONCRETE, INC and )<br>CRESTVIEW READY MIX, INC., )<br> )<br>Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

This action arises out of a commercial dispute between Plaintiff, Lone Star Industries, Inc., d/b/a Buzzi Unicem USA ("Buzzi"), and Defendants, Fort Walton Concrete, Inc. ("FWC") and Crestview Ready Mix, Inc. ("CRM") (collectively "Defendants"). Presently before the court is Defendants' motion to dismiss the Complaint for lack of personal jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) respectively, or in the alternative, to transfer venue to the United States District Court for the Northern District of Florida, Pensacola Division, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, Defendants' motion is **DENIED**.

**I.   Background**

Defendants manufacture and deliver concrete in Florida. Defendants purchased most of their cement from Buzzi at its facility in Santa Rosa County, Florida, pursuant to

1

a Buyer's Credit Application and Open Account Agreements, signed by President of both Defendants, James E. Campbell, on November 16, 2006 ("Agreements"). The "Agreements" contain choice of law and forum selection provisions, which provide: "Seller and Buyer further agree that any legal action shall be brought in the State or Federal Court located in Indianapolis, Indiana and that Buyer and seller both submit to the exclusive personal jurisdiction of such courts." (Filing No. 1-1, Complaint, Exhibit 3).

From 2008 through 2011, the construction industry declined significantly, resulting in less demand for Defendants' concrete. During that time period, Defendants were unable to make the payments in full for Buzzi's Portland cement. (Filing No. 23 ¶ 10). Defendants do not dispute that they owe Buzzi for the cement they purchased; they do dispute, however, the amount demanded by Buzzi.

In December 2013, the parties filed suit against each other in different forums. First, on December 9, 2013, Defendants filed suit against Buzzi in Florida state court alleging fraud in the inducement, conversion, and a claim under the Florida Deceptive and Unfair Trade Practices Act (the "Florida" case). (*Id*. ¶ 1). Buzzi removed the Florida case to the United States District Court, Northern District of Florida, Pensacola Division, on grounds of diversity jurisdiction. *Id.* Buzzi also moved to dismiss the Second Amended Complaint filed in the Florida case or, in the alternative, moved to transfer venue of the case to the Southern District of Indiana. Second, on December 13, 2013, Buzzi filed suit against Defendants in the Marion Superior Court, seeking to collect the outstanding balances owed by Defendants (the "Indiana case"). Defendants, in turn,

removed the Indiana case to United States District Court, Southern District of Indiana, Indianapolis Division, on the same jurisdictional grounds. (*Id.* ¶ 2). On February 25, 2014, the court granted the parties' joint motion to stay the Indiana case pending ruling on Buzzi's motion to dismiss or transfer the Florida case. (*Id.* ¶ 3).

On January 2, 2015, the Florida Court transferred the Florida case to the Southern District of Indiana, Indianapolis Division, pursuant to the forum selection clauses set forth in the Agreements. (*Id.* ¶ 5). On January 22, 2015, this court entered an Order Consolidating Cases. (*Id.* ¶ 7). On February 3, 2015, Defendants filed the present motion to dismiss the Indiana case or, in the alternative, motion to transfer venue of the Indiana case to the United States District Court for the Northern District of Florida. (Filing No. 22). To grant Defendants' motion would require the court to unconsolidate the Florida and Indiana cases, and transfer the Indiana case to Florida.

## II. Discussion

### A. Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. Standard of Review

"Challenges to personal jurisdiction may be waived by either express or implied consent." *Heller Financial, Inc. v. Mid-Whey Powder Co., Inc.*, 883 F.2d 1286, 1290 (7th Cir. 1989) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)). In the commercial context, parties typically agree in advance to submit their disputes for resolution in a particular forum pursuant to a forum-selection clause. *Id.* The "'enforcement of [a] valid forum selection clause, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'" *Atlantic*

*Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S.Ct. 568, 581 (2013) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). "For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.* (citing *Stewart*, 487 U.S. at 33)). *See also, Knauf Insulation, GMBH v. S. Brands, Inc.*, No. 1:12-cv-00273, 2013 U.S. Dist. LEXIS 38435, at *14 (S.D. Ind. Mar. 19, 2013) ("Due process is not offended by enforcing a reasonable forum selection clause that has been obtained through a freely negotiated agreement").

### 2.     Is the Forum-Selection Clause Valid?

Defendants argue that the forum-selection clause within each Agreement is not enforceable for two reasons. First, they contend that, because Buzzi did not sign the Agreements, contracts between Defendants and Buzzi were never formed. Second, they contend that the identity of the seller from the six Buzzi-related entities is not adequately identified within the Agreements.

The absence of a signature on a contract does not mean that acceptance did not occur, however. Indiana law provides that a party may demonstrate an intent to be bound through acts manifesting acceptance. *Homer v. Borman*, 743 N.E. 2d 1144, 1147 (Ind. Ct. App. 2001) ("Assent to th[e] terms of a contract may be expressed acts which manifest acceptance."). Although Buzzi did not sign the Agreements, the company's monthly cement deliveries to Defendants establishes acceptance by performance. Because Buzzi accepted the Agreements through performance, the fact that Buzzi did not

sign the Agreements does not invalidate the contract. Therefore, the forum-selection clauses are enforceable, making Indiana the proper forum for this case to be heard.

The Agreements also adequately identify the identity of the seller. Both Buzzi Unicem USA and Lone Star Industries, Inc., are identified at the top of the first page of each Agreement. Additionally, Buzzi Unicem USA is listed on each Invoice, indicating that Buzzi is the seller of the cement. (Filing No. 1-1, Complaint, Exhibit 1, 3). The Florida District Court found that these facts sufficiently identified the parties to the Agreements, and there is no reason for this court to find otherwise. Indiana law holds that a contract and "any other contemporaneous written agreements it incorporates must be construed together in order to determine the parties' intentions." *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1138 (Ind. Ct. App. 2002). For the reasons set forth above, the court finds that the forum-selection clauses are enforceable.

### B. Motion to Dismiss for Failure to State a Cause of Action

#### 1. Standard of Review

Rule 12(b)(6) allows defendants to move for dismissal when a plaintiff's pleading fails to state a claim upon which relief can be granted. A court may grant a motion to dismiss if the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a complaint, the court accepts all well pled facts as true and draws all permissible inferences in favor of the plaintiff. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). However, "mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2. Should Buzzi's Complaint Survive the 12(b)(6) Motion?

Defendants argue that Buzzi's Complaint should be dismissed because the Agreements make references to "seller invoices" that Buzzi did not attach alongside the Agreements. (Filing No. 23 ¶ 71). However, plaintiffs do not have to provide underlying invoices if the provided statement of account constitutes sufficient evidence indicating potential liability. *Meyer v. Nat'l City Bank*, 903 N.E.2d 974, 976 (Ind. Ct. App. 2009).

Here, Buzzi attached to the Indiana Complaint the statements of account from May 2010 through December 2013 for both Fort Walton Concrete and Crestview Ready Mix. (Exhibits 1-2, Filing No. 1). These monthly statements indicate that both Defendants received monthly notifications of their accumulating debt over a period of years. Therefore, Buzzi's failure to attach seller invoices is not fatal to its claim. When viewing these facts in the light most positive toward the plaintiff, the court finds that the Indiana Complaint sufficiently states a cause of action.

### C. Motion to Transfer Venue

In the alterantive, Defendants move to transfer the Indiana case to the Northern District of Florida.

### 1. Standard of Review

Section 1404(a) allows a district court to transfer any civil action to any other district where it might have been brought or where all parties have consented "for the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Section 1404(a) provides the "mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atlantic Marine*, 134 S.Ct. at 579 (2013). In weighing whether to grant

a motion to transfer based upon a forum-selection clause, courts may only consider these public interest factors: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6. However, if a forum-selection clause is found valid it should govern in all but the most exceptional cases. *Stewart*, 487 U.S. at 31.

### 2. Should Motion to Transfer be Denied?

Defendants have moved for this case to be transferred to the United States District Court for the Northern District of Florida, Pensacola Division. Defendants first argue that the Agreements' forum-selection clause is invalid because the contracts are not actually binding. However, as noted above, the court has found that the Agreements' forum-selection clauses are binding and should be enforced in this case. Therefore, this argument has no merit.

Defendants further claim that the case should be transferred because every single interaction between the parties occurred in Florida. Defendants insist that the vast majority of witnesses are in Florida and that Florida law should be applied. In essence, they are arguing that transfer should be granted for convenience and cost reasons. However, the Seventh Circuit does not allow parties to seek transfer for these reasons when they have already waived such rights through a forum-selection clause. *Id.* Despite Defendants' arguments for judicial efficiency, they waived their right to transfer when they entered into the Agreements with Buzzi. Because the valid forum-selection clauses dictate that any cases be heard in Indiana, Defendants' motion is denied.

### III. Conclusion

The court finds that personal jurisdiction exists over the Defendants and that Buzzi's Complaint states a claim upon which relief can be granted. Additionally, the United States District Court for the Southern District of Indiana is a proper venue for Buzzi's claims to be heard. Therefore, Defendants' motion to dismiss, or in the alternative, to transfer venue (Filing No. 22) is **DENIED**.

**SO ORDERED** this 13th day of July 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.